LAMB, *Respondent,*
*v.*
CLEVELAND, *Appellant.*
(No. 423-169, CA 6775)

559 P2d 527

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Robert B. Johnstone, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The Employment Relations Board appeals a writ of mandamus which ordered the Board to conduct an appeal hearing of petitioner's dismissal. The issue raised is whether petitioner gave timely notice of appeal.

Petitioner was employed by the University of Oregon Health Sciences Center and was dismissed, effective June 23, 1975. A letter dated June 10, 1975, from the Health Sciences Center, which would be the appointing authority (ORS 240.555), notifying petitioner of dismissal stated she had the right to "seek representation and to appeal this action." Petitioner wrote a letter dated June 13, 1975, to a supervisory employe of the Health Sciences Center, which concluded; "that we agreed the matter of appeal remains pending." The circuit court found the letter of petitioner was sufficient notice of appeal and ordered the Board to conduct a hearing. ORS 240.560(1) is the governing statute:

> "A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board not later than 10 days after the effective date of such reduction, dismissal, suspension or demotion. Such appeal shall be in writing and shall be heard by the board within 30 days after its receipt. The board shall furnish the division of the service concerned with a copy of the appeal in advance of the hearing."[1]

We interpret this statute to require that notice of appeal be given to the Board within the time allowed to invoke its jurisdiction to hear an appeal.[2]

Petitioner contends the Health Sciences Center in its letter of dismissal failed to completely and adequately inform petitioner of the proper method of appeal and thereby waived any procedural failures.

---

[1] "Division of the service" would, in this case, be the Health Sciences Center. ORS 240.015(6).

[2] Assuming petitioner had sent the letter to the Board it would not have been a sufficient notice of appeal.

[ 345 ]

The appointing authority has no statutory duty to inform a discharged employe of the proper appeal procedure.[3] Failure of the appointing authority to give advice or giving of inadequate advice does not estop the Board from requiring timely statutory notice in order to invoke its jurisdiction for appeal.

Reversed.

---

[3] ORS 240.560(1) requires the Board to notify the appointing authority an appeal has been filed.